### 7339. CURRY, administrator, *v.* THOMPSON.

HODGES, J.   1. The evidence did not show the nature and character of the paper signed by the decedent, but it did show that he owed the plaintiff the money borrowed; therefore the court did not err in refusing to grant a nonsuit.

2. The court did not err in directing a verdict, and no error was committed in the exclusion of evidence.          *Judgment affirmed.*

DECIDED JULY 31, 1916.

Complaint; from city court of Sandersville—Judge Jordan. January 28, 1916.

Andrew Thompson sued Curry as administrator of the estate of I. H. Thompson, for $110 and interest thereon from March 1, 1912, alleged to be due on an open account for money lent to I. H. Thompson on that date.   On the trial a witness for the plaintiff testified: "Some time about the first day of March, 1912, I was working in the barber-shop of Andrew Thompson, . . and his father, I. H. Thompson, came into the shop and got from Andrew $110 in cash.   I saw Andrew count him out the money to pay a note with. . .   After the money was paid over I saw Andrew Thompson writing something on a scratch-pad, and I. H. Thompson signed it, but I do not know what the writing was, . .

whether it was a receipt for the money, or just an entry of the loan, or what it was." W. A. Peddy testified for the.plaintiff: "I held a note . . upon which I. H. Thompson was surety, and I called upon him to pay this note, and he paid me $110 in money in March, 1912. The money was paid to me in my store. . . I had the note there and gave it over to Thompson. At the time I. H. Thompson paid me the money he told me that he got it from Andrew Thompson that day. The note exhibited to me . . for $110 is the only note I ever held against I. H. Thompson, and is the one he paid to me." At the conclusion of the evidence introduced by the plaintiff, the defendant moved for a nonsuit, upon the grounds: (1) that it does not appear that I. H. Thompson was indebted to the plaintiff on an open account; (2) that the defendant showed that if there was any indebtedness to the plaintiff, it was in writing signed by the decedent, and the plaintiff could not recover in a suit upon an open account; and (3) that the evidence was insufficient to authorize a recovery. The court overruled the motion. The sole witness for the defendant testified, that he knew that I. H. Thompson deposited money in the Bank of Harrison; that he saw I. H. Thompson draw money out of the bank once in March, 1912; and that after Thompson's death he found among the decedent's private papers a certain deposit slip dated March 2, 1912, showing a deposit of $115.50, and found the note mentioned by the witness Peddy. The deposit slip was offered in evidence by the defendant, and the court excluded it. At the conclusion of the evidence the court directed a verdict in favor of the plaintiff, for the amount sued for. The defendant excepted to the refusal to grant a nonsuit, to the exclusion of the deposit slip, and to the direction of the verdict.

*Evans & Evans,* for plaintiff in error.

*A. R. Wright,* contra.